UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **AEGIS BUSINESS CREDIT, LLC** | * | |
| *Plaintiff* | * | |
| v. | * | Civil Case No. 8:21-cv-00668-AAQ |
| **BRIGADE HOLDINGS, INC.,** *et al.*, | * | |
| *Defendants* | * | |
| | * | |

**MEMORANDUM OPINION**

This is a case concerning an individual's and a corporation's alleged failure to abide by provisions of a contract requiring them to pay certain amounts of money to another corporation. Pending before the Court is Defendant Brigade Holdings, Inc.'s and Defendant William Bethell's ("Brigade") Motion for Clerk's Entry of Default, ECF No. 107, and Plaintiff Aegis Business Credit, LLC's ("Aegis") Motion Confirming Right to Seek Dismissal of Defendants' Counterclaims. ECF No. 110. For the reasons provided below, Brigade's Motion shall be denied, and Aegis's Motion shall be granted.

**BACKGROUND**

The factual history of this case is recounted in detail in this Court's Memorandum Opinion of August 29, 2022. ECF No. 98. The current dispute between the parties is primarily a matter of scheduling. Accordingly, a few words regarding the procedural history of the case are appropriate.

On March 16, 2021, Brigade Holdings – the Defendant in this particular case – filed a Complaint against Aegis in the U.S. District Court for the Middle District of Florida alleging that by seizing inventory that Brigade should have had access to, Aegis committed conversion (Count

I), breached a contract (Count II), and tortiously interfered with Brigade's business relationships (Count III).  ECF No. 2, *Brigade Holdings, Inc. v. Aegis Business Credit, LLC*, No. 8:21-cv-2202 (M.D. Fla.).  The next day, March 17, 2021, Aegis responded by filing its own Complaint against Brigade in the U.S. District Court for the District of Maryland, alleging that Brigade failed to comply with a "Factoring and Security Agreement",[1] pursuant to which Brigade was required to perform work for which Aegis would be paid.  ECF No. 1, *Aegis Business Credit, LLC v. Brigade Holdings, Inc.*, No. 8:21-cv-668 (D. Md.).

Brigade quickly moved to consolidate both cases in the U.S. District Court for the Middle District of Florida.  On March 29, 2021, Brigade filed a Motion for Partial Summary Judgment in the Florida case asking that the court order both cases consolidated in Florida.  ECF No. 7, No. 8:21-cv-2202.  On April 14, 2021, Brigade notified this Court that it intended to file a Motion to Transfer the Maryland case to Florida.  ECF No. 17, No. 8:21-cv-668.  Meanwhile, Aegis sought to consolidate the cases in the U.S. District Court for the District of Maryland.  On April 30, 2021, Aegis filed a Motion to Transfer the Florida case to Maryland.  ECF No. 21, No. 8:21-cv-2202.

Both this Court and the U.S. District Court for the Middle District of Florida ultimately accepted Aegis' arguments that the U.S. District Court for the District of Maryland was the proper venue for the cases.  On August 26, 2021, the U.S. District Court for the Middle District of Florida granted Aegis' Motion and directed the Clerk "to transfer the [Florida] case to the United States District Court for the District of Maryland, Southern Division for all further proceedings.  Following transfer, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close the case."  ECF No. 35, No. 8:21-cv-2202.  Likewise, on August 31, 2021, this

---

[1] As discussed in my previous Memorandum Opinion, I use the term "Factoring and Security Agreement" only because the document is termed as such – not because I agree that it was a factoring agreement, as opposed to a usurious loan agreement.  ECF No. 98, at 2 n. 1.

Court held a status conference, after which the Court issued an Order: (1) consolidating the cases with all further filings to be docketed in the Maryland case; (2) ordering Brigade to file an Answer in the Maryland case; (3) denying Brigade's Motion to Transfer as moot given the U.S. District Court for the Middle District of Florida's ruling; (4) denying Brigade's Amended Motion for Summary Judgment and Aegis's responsive Motion to Stay as moot; (5) dismissing without prejudice Brigade's Motion for Partial Summary Judgment on Usury and Aegis's responsive Motion to Strike; and (6) ordering the parties to file a Joint Proposed Motions Schedule for any Motions they wish to file or refile in the consolidated cases. ECF No. 49, No. 8:21-cv-668.

A close examination of the recording of the hearing provides additional detail regarding the substance of the parties' previous positions and their relationship to the parties' current positions. During the hearing, the Court specifically asked the parties if the case transferred from Florida should be dismissed, whether the cases should proceed separately, or whether the cases should be consolidated. Both parties agreed that the cases should be consolidated. As the Court indicated, "this does not mean that one case goes away entirely." The Court then sought guidance from the parties as to which of the pending Motions from the case transferred from Florida still needed to be resolved. Brigade indicated that it intended to seek summary judgment regarding the enforceability of the Factoring and Security Agreement, and despite the Court's concerns, believed that the issues therein could be resolved without discovery. Aegis, in return, responded that the question of whether the Factoring Agreement was usurious was a highly fact-specific question that could not be resolved without discovery. The Court also sought the parties' positions regarding a potential mediated solution. Given the limited assets Brigade had remaining, Brigade indicated that mediation was likely not a viable option. Finally, the parties agreed that the case should be transferred to a U.S. Magistrate Judge for all further proceedings in the case. As such, on

3

September 22, 2021, the case was transferred to the Honorable Charles Day for all further proceedings. ECF No. 66.

On September 10, 2021, Brigade answered Aegis' First Amended Complaint, which was pending at the time. ECF No. 54. Along with its Answer, Brigade repleaded the same three claims which had been the basis for its Complaint in Florida, as well as an additional claim for usury (Count IV). *Id.* at 12-16. On October 1, 2021, Aegis answered all of Brigade's counterclaims. ECF No. 67. In addition to responding to the claims against it, Aegis also specifically alleged that the "Counterclaim fails to state a claim upon which relief can be granted." *Id.* at 8.

On October 13, 2021, Aegis notified the Court that the parties had not been able to agree on the "timing and scope of discovery", as well as the timing of certain dispositive motions to be filed in this action. ECF No. 70. On October 25, 2021, the Court held a hearing, at the conclusion of which it ordered that all discovery would be stayed pending the Court's resolution of Brigade's anticipated Motion to Dismiss. ECF No 72. The Court also set a briefing schedule for said Motion. *Id.*

On November 19, 2021, Aegis, with Brigade's consent, filed a Second Amended Complaint. ECF No. 76. The Motion asking for leave to file the Complaint noted that any motions to dismiss the Second Amended Complaint would be filed by December 3, 2021. *Id.* at 2. As the parties had agreed, on December 3, 2021, Aegis filed the anticipated Motion to Dismiss. ECF No. 80.

On April 29, 2022, the case was transferred to my Chambers for all further proceedings. On August 29, 2022, I denied Brigade's Motion to Dismiss. ECF No. 98. On October 19, 2022, Aegis asked the Court to enter an Order of Default against Brigade given its failure to file a responsive pleading after the denial of its Motion to Dismiss. ECF No. 100. On the same day,

Brigade filed its Answer to the Second Amended Complaint, including as counterclaims the four claims it had included in its previous Answer to the previous Complaint. ECF No. 101, at 19-25. Brigade also requested that the Motion for Default be denied, and the Court enter a Scheduling Order governing discovery in the case. ECF No. 102. Aegis responded that it would withdraw its Motion, but did not believe that a discovery schedule was appropriate given its intent to move to dismiss some of Brigade's counterclaims.[2] ECF No. 103.

On November 1, 2022, the Court held a scheduling conference to discuss the disputes between the parties as to the next steps in the case. ECF No. 105. Brigade raised two specific arguments as to why Aegis' proposed Motion to Dismiss would be inappropriate. First, Brigade argued that Aegis had previously represented to the Court that it did not intend to file any Motions to Dismiss. Second, Brigade argued that Aegis was estopped from filing a Motion to Dismiss in response to the Second Amended Complaint, where it had answered a previous version of the Complaint. The Court invited briefing from the parties as to both arguments. Additionally, Brigade stated for the first time that it would file a Motion for Default based on Aegis' failure to respond to its Complaint in the Florida case which had been transferred to this Court and consolidated with this case more than a year before. The parties have since fully briefed the issues addressed at the scheduling conference, and Aegis has filed the discussed Motion for Default.

## ANALYSIS

Courts have broad discretion relating to matters of scheduling and case management. *See U.S. v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007) (noting that "district courts possess wide discretion with regard to case management"). As discussed below, holding Aegis in default would be

---

[2] Aegis stated, as it reiterated in its briefing on the present Motions, that it does not intend to move to dismiss Brigade's counterclaim for usury. *See* ECF No. 110, at 7 n. 5.

inconsistent with the Court's previous direction to the parties and the course of the case – in particular, Aegis' active participation in the case and compliance with the Court's scheduling orders. Likewise, barring Aegis from filing a Motion to Dismiss would be inconsistent with the history of the case, and is unsupported by the applicable legal principles.

> I. **Brigade's Motion for Default**

Brigade's Motion for Default is at odds with the history of the case and this Court's prior rulings. Rule 55 of the Federal Rules of Civil Procedure governs entries of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Int'l, Inc. v. Savannah Shakti Carp.*, No. DKC 11-0438, 2011 WL 5118328, at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

The history of this case makes clear that an entry of default would not be appropriate. Rather than being a case in which Aegis failed to plead or otherwise defend the claims against it, the parties have been actively litigating this case since Brigade initiated the Florida case. This includes Aegis responding to Brigade's attempts to consolidate the cases in the U.S. District Court for the Middle District of Florida, negotiating with Brigade over a timeline for the filing of Brigade's Motion to Dismiss and the schedule and scope of discovery, providing an Opposition to

Brigade's Motion to Dismiss, and presenting at multiple scheduling conferences and oral arguments before this Court.

Brigade faults Aegis for failing to respond to its Complaint in the U.S. District Court for the Middle District of Florida, ECF No. 107, at 1-2; however, its presentation ignores the history of the dispute once the Florida case was transferred to the U.S. District Court for the District of Maryland. As discussed above, once the Florida case was transferred, the Court sought the parties' positions as to whether the cases should proceed separately along parallel lines, or whether the cases should be consolidated. Both parties agreed that the latter was appropriate. As the Court acknowledged, although this did not mean that the allegations in Florida ceased to exist, it did not mean that the cases would proceed separately, such that separate filings had to be made in both cases. Rather, both parties' claims would be adjudicated through the case, as well as the pleadings, that were pending in Maryland.

The parties' course of conduct since the Florida case was transferred bears out this understanding. Once the cases were consolidated, both parties turned their attention to litigating Brigade's Motion to Dismiss Aegis' Second Amended Complaint. After consolidation, this Court sought the parties' position as to which of the pending filings needed to be adjudicated. At no point before the filing of the present Motion, did Brigade express any concern that Aegis had failed to respond to its Florida Complaint. In fact, Aegis sought to expedite resolution of the case – including Brigade's counterclaims against it – via mediation and the initiation of discovery. *See e.g.* ECF No. 62, at 2 ("Aegis anticipates issuing written discovery"). Brigade, however, in response, resisted both attempts, arguing that it was only appropriate to explore these avenues after its Motion to Dismiss or for Summary Judgment had been resolved. *See e.g. id.* ("Brigade and Bethell reserve their right to issue written discovery depending on the determination of scheduling

motions."). Accordingly, although Aegis never responded to Brigade's Florida Complaint, it had good reason for not doing so. The parties reasonably understood that the operative complaint would be Aegis' Complaint in the U.S. District Court for the District of Maryland and that Brigade would be able to advance the claims from its Florida case via the counterclaims it would and did file in response to Aegis' Amended Complaint. In response to these counterclaims, which largely mirror the claims that Brigade advanced in the Florida case, Aegis provided the response Brigade complains it never received. To require Aegis, after nearly eighteen months of litigation, to separately respond to the Complaint in the Florida case would be at odds with the parties' prior representations to the Court, as well as their conduct. It is essentially asking the Court to now allow the cases to proceed on two separate tracks rather than be consolidated. For all these reasons, Brigade's Motion for Default shall be denied.

## II. Aegis' Proposed Motions to Dismiss

Brigade's arguments seeking to judicially estop Aegis from filing a Motion to Dismiss are similarly ill-taken. Judicial estoppel prevents a party from adopting a position inconsistent with a stance taken previously in litigation. *United Virginia Bank v. B.F. Saul Real Estate Investment Trust*, 641 F.2d 185, 190 (4th Cir. 1981). As noted above, Brigade raises two separate arguments in support of its position. First, Brigade argues that Aegis previously represented that it did not intend to file a Motion to Dismiss Brigade's claims, and thus is barred from advancing such a Motion now. ECF No. 111, at 4. Second, Brigade argues that Aegis may not seek to dismiss Brigade's counterclaims after answering them when alleged in a previous version of Aegis' Complaint. *Id.*

### 1. Aegis' Alleged Prior Representations to the Court

Before a court may apply judicial estoppel, the requesting party must establish, at a minimum, that (1) "the party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding ; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage."[3] *King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196 (4th Cir. 1998).

The record is unclear as to whether Brigade's position is, in fact, inconsistent, with its previous stance. Although Brigade asserts that on October 25, 2021, Aegis represented that it did not intend to file a Motion to Dismiss, ECF No. 72, no such representation is noted in the Court's docket. Rather, the Court's written notation memorializing its holdings concerns only the staying of discovery in the case and a timeline for briefing Brigade's then-forthcoming Motion to Dismiss. Likewise, to the extent that Brigade relies on Aegis' previous Answer, as noted above, the Answer explicitly stated that Aegis reserved the right to move to dismiss Brigade's counterclaims for failure to state a claim. That said, Brigade's representation is not altogether implausible. As discussed, Aegis had previously represented to the Court an intent to expedite discovery, indicating that it did not intend to file its own Motion to Dismiss.

Even if Brigade could establish the first element, the purpose of judicial estoppel is to "prevent the party from 'playing fast and loose' with the courts, and to protect the essential integrity of the judicial process." *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982).

---

[3] At other times, the Fourth Circuit has stated that a party must also show that the issue was an issue of fact, as opposed to law. *Lowery v. Stovall*, 92 F.3d 219, 223–24 (4th Cir. 1996) (internal quotation marks omitted). Because the distinction is not determinative here, I do not address this factor.

Accordingly, "courts must apply the doctrine with caution." *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995). The "determinative factor" in the application of judicial estoppel is whether the party who is alleged to be estopped "intentionally misled the court to gain unfair advantage." *Tenneco Chemicals v. William T. Burnett & Co., Inc.*, 691 F.2d 658, 665 (4th Cir. 1982). "The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest. It is inappropriate, therefore, to apply the doctrine when a party's prior position was based on inadvertence or mistake." *John S. Clark Co.*, 65 F.3d at 29. There is no evidence that to the extent that Aegis has changed its position, the change was driven by an intent to mislead the Court. Rather, a reasonable interpretation of the proceedings before this Court is that Aegis sought to move this case into discovery because the parties were primarily focused on Aegis' claims against Brigade, which the latter sought to have dismissed without any discovery.

This conclusion is further supported by the fact that although Brigade now complains of the prejudice that will come to it from a delay in starting discovery, this position is directly contrary to its previous position that the case could and should be resolved without discovery. Accordingly, Brigade now has reversed positions in a manner similar to that which it accuses Aegis. Were I to accept Brigade's argument regarding Aegis' alleged manipulation, I could just as easily conclude that Brigade's reversal constituted the same.

Beyond Brigade's failure to establish the elements for judicial estoppel, as noted, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, . . . claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). "[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and

accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1467 (4th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). To conclude that Aegis is barred from even making any argument regarding the dismissal of Brigade's claims, particularly where the evidence that they waived any such chance is inconclusive, would be inconsistent with the Fourth Circuit's explicit direction to this Court.

Accordingly, the available evidence regarding Aegis' prior representations to the Court does not justify barring Aegis from moving to dismiss Brigade's counterclaims.

### 2. Aegis' Previous Answer to Brigade's Counterclaims

Likewise, Brigade argues that Aegis has waived its right to move to dismiss Brigade's counterclaims, because it previously answered Brigade's counterclaims when they were advanced in a prior Answer which is now non-operative. ECF No. 111, at 3. In support, Brigade argues that it was not required to re-plead its counterclaims but did so out of an abundance of caution; thus, it should not be punished for taking an action which it was not required to take. *Id.* at 3.

Brigade's argument conflicts with this Court's precedents. As this court has held, "a refiled counterclaim, even where verbatim to the original filing, becomes the newly operative pleading." *Maxtena, Inc. v. Marks*, No. DKC 11–0945, 2013 WL 5964488, at *12 (D. Md. Nov. 7, 2013). Accordingly, as Aegis argues, once Brigade refiled its counterclaims, Brigade was free to respond anew, including moving to dismiss such claims. Brigade attempts to distinguish *Maxtena* on the grounds that the answering party in that case sought to add additional defenses, ECF No. 111, at 2-3, as opposed to file a motion to dismiss. While that may be a difference between this case and *Maxtena*, it was not relevant to the *Maxtena* court's determination on this point. Rather, the Court in *Maxtena* was guided by the Fourth Circuit's direction that "[a]s a general rule, an amended

pleading ordinarily supersedes the original and renders it of no legal effect." *Maxtena, Inc.*, 2013 WL 5964488 at *12 (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)).

Further, as Aegis notes, even if Brigade's argument was valid, it could still move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 110, at 8. Accordingly, even if I were to construe Aegis' last Answer as the operative pleading responding to Brigade's counterclaims – as Brigade requests – the result would be the same. Brigade's arguments, in response, on this point confuse the determinative set of pleadings. Although Brigade claims that a judgment on the pleadings is inappropriate because Aegis has not answered its Complaint in the Florida case, ECF No. 111, at 5, as discussed above, Brigade re-pled its claims from the Florida case as counterclaims before this Court. Aegis, in turn, answered these claims. Accordingly, even were the Court to accept Brigade's argument that I should ignore its re-pleading of its counterclaims, Brigade's claims have been fully responded to and would be appropriate for a judgment on the pleadings. Brigade's alternative response – that whether Aegis could move for judgment on the pleadings is irrelevant – is similarly unfounded. Brigade emphasizes the prejudice it would suffer were the Court to allow Aegis to move to dismiss its case. ECF No. 111, at 3. Accordingly, the fact that the result would be the same regardless of whether I accepted Brigade's arguments highlights the minimal prejudice to Brigade from allowing Aegis to seek dismissal of Brigade's counterclaims at this time.

**III. Schedule for Briefing of Motion to Dismiss**

Although the Court does not accept Brigade's arguments, it would have been more efficient had Aegis previously highlighted its intent to move to dismiss Brigade's counterclaims. This would have allowed the parties to, at once, address all of the parties' respective arguments at the

motion to dismiss stage simultaneously, as opposed to a piecemeal approach.[4] Although the potential inefficiency of this approach is not reason enough alone to bar Aegis from seeking dismissal of Brigade's claims, it mitigates in favor of a briefing schedule allowing for an expeditious resolution to this matter. Accordingly, the parties shall within ten days of this Opinion consult with each other and provide the Court a schedule for the filing of any Motion to Dismiss Brigade's counterclaims which Aegis intends to file, as well as any oppositions and replies thereto.

## CONCLUSION

For the foregoing reasons, Defendant Brigade Holdings, Inc.'s and Defendant William Bethell's Motion for Clerk's Entry of Default, ECF No. 107, is hereby denied, and Plaintiff Aegis Business Credit, LLC's Motion Confirming Right to Seek Dismissal of Defendants' Counterclaims, ECF No. 110, is granted.

So ordered.

Dated: January 10, 2023

/s/
Ajmel A. Quereshi
United States Magistrate Judge

---

[4] While this approach may not be appropriate in every case, in this case, Aegis has long been aware of Brigade's counterclaims, as all four had been pled by September 10, 2021. ECF No. 54.